UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK K. SPURLOCK,

        Plaintiff,

v.

IAN A. NORTHRIP *et al*.,

        Defendants,

Case No. C09-5422RBL/JRC

REPORT AND RECOMMENDATION

**NOTED FOR**:
September 25, 2009

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff brings this action challenging the actions of a number of persons from his criminal case. In specific he challenges actions that were taken by his defense counsel, two prosecuting attorneys, and unnamed police officers. This Civil Rights action directly challenges the propriety of plaintiff's criminal conviction and plaintiff seeks damages for the time he spent in prison. The Court Recommends this action be dismissed. Defendant Ian A. Northrip would be DISMISSED WITH PREJUDICE, because defense counsel does not act under color of state law. The claim regarding the propriety of the

REPORT AND RECOMMENDATION- 1

criminal conviction and the remaining defendants would be DISMISSED WITHOUT PREJUDICE.

## DISCUSSION

When a complaint fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A defense attorney does not act under color of state law. *See* Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Ian A. Northrip, who was the attorney representing Plaintiff in a criminal case, simply cannot be a proper defendant in a civil rights action. Mr. Northrip is entitled to DISMISSAL prior to service as no amendment of the complaint could cure this defect.

Further, this entire action challenges the propriety of Plaintiff's criminal conviction and actions taken by state officials during Plaintiff's criminal trial. When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S.

REPORT AND RECOMMENDATION- 2

475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessary to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Here, the complaint challenges the action of police in seeking a warrant, and the actions taken by two prosecutors during trial. The proposed complaint is a challenge to Plaintiff's conviction (Dkt. # 1, proposed complaint). The complaint fails to state a cause of action under 42 U.S.C. § 1983. This is not a defect that could be cured by amendment of the complaint. Because the § 1983 claim against these defendants is premature, the Court recommends that the remaining Defendants and causes of action should be DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

Defendant Northrip is entitled to DISMISSAL WITH PREJUDICE from this action because he cannot act under color of state law as a defense attorney in a criminal action. The

REPORT AND RECOMMENDATION- 3

1 | remaining Defendants and claims should be DISMISSED WITHOUT PREJUDICE.
Amendment of the complaint cannot cure these defects.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Fed. R. .Civ. P., the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 25, 2009**,** as noted in the caption.

Dated this 17th day of August, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4